**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

SHARON A. PICKETT,            :

    Plaintiff,                          :

vs.                                          :         CA 07-0467-BH-C

MICHAEL J. ASTRUE,           :
Commissioner of Social Security,
                                                        :
    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income. This action is before the Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the January 23, 2008 hearing before the Magistrate Judge, it is determined that the decision to deny benefits should be affirmed.

The Administrative Law Judge (ALJ) made the following findings:

3.   The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b).

4.   These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.   The undersigned finds the claimant's allegations regarding his (sic) limitations are not totally credible for the reasons set forth in the body of the decision.

6.   The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR §§ 404.1527 and 416.927).

7.   The claimant has the following residual functional capacity: sedentary work activity which involves lifting and/or carrying no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.

8.   The claimant is unable to perform any of her past relevant work as a hotel soup cook (20 CFR §§ 404.1565 and 416.965).

9.   At the time of the claimant's alleged onset date, the claimant was a "younger individual between the ages of 45 and 49" (20 CFR §§ 404.1563 and 416.963).

10.   The claimant has a high school education (20 CFR §§ 404.1564 and 416.964).

11.   The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §§ 404.1568 and 416.968).

12.   The claimant has the residual functional capacity to perform the full range of sedentary work (20 CFR §§ 404.1567

      and 416.967).

      13.    Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.21.

      14.    The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(f) and 416.920(f)).

(Tr. 22-23) The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id*. at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform the full range of sedentary work activity and is not disabled under the grids, is supported by substantial evidence.  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).  "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the following errors were made: (1) the ALJ committed reversible error by failing to specify her severe impairments; and (2) the ALJ erred in finding she can perform the full range of sedentary work in light of the contents of her treating physician's physical capacities evaluation which indicates the ability to lift up to 10 pounds only five hours a day.

**A.     ALJ's Failure to Specify Which of Plaintiff's Impairments Were Severe.**  In her proposed report and recommendation, plaintiff contends that the ALJ merely found she had severe impairments without specifically

identifying which of those impairments are severe thereby rendering his decision reversible pursuant to *Kyles v. Barnhart*, CA 01-0898-P-M. (Doc. 13, at 6) Plaintiff is certainly correct that this Court held in *Kyles* that where there is uncertainty about which of plaintiff's alleged impairments are severe, "the Court cannot examine whether the ALJ has properly rejected certain impairments as not severe[]" and, therefore, "the Court cannot say that the ALJ's opinion is supported by substantial evidence." *Kyles v. Barnhart*, CA 01-0898-P-C, Doc. 17, at 4. The Court finds *Kyles* factually inapposite to the instant case inasmuch as in that case the ALJ never "set out and/or discussed which of the four alleged impairments [i.e., degenerative disc disease, sleep apnea, chronic pain, and bilateral arthritis in her knees] he found to be severe[,]"*id*. at 3 & 4; in this case, however, the ALJ specifically discussed the impairments which plaintiff alleged were disabling in her applications for benefits (*see* Tr. 26-29, 35 & 61-74), and implicitly determined that those impairments (left knee problems and hypertension) were severe (Tr. 19).

> The claimant, in documentation of record, has alleged left knee problems and hypertension as a basis of disability. The undersigned concludes that, while the record contains evidence of the existence of these impairments, the objectively demonstrable evidence of record fails to support that the claimant is as impaired as she has alleged. The undersigned concludes that no credible treating or consultative physician has opined that the claimant was disabled because of any physical condition or from

any resulting symptoms.

The Administrative Law Judge recognizes that the claimant did sustain an injury in October 2005 which required arthroscopic surgery but the records clearly show that she has improved to the extent that she is capable of performing work activity. Specifically, a Functional Capacity performed by David Dimmick, M.Ed. on May 3, 2006 revealed the claimant demonstrated the ability to perform full sedentary and partial light physical activity. In addition, a recent MRI revealed only mild degenerative changes. The Administrative Law Judge has assigned determinative weight to the opinion of George Corbett, M.D., the claimant's treating physician who found that she can sit for 8 hours at a time and for 8 hours during an 8-hour workday. He found that she can stand and walk for 3 hours at a time and for 3 hours during an 8-hour workday. Dr. Corbett found the claimant can lift and carry 5 pounds eight hours a day and up to 20 pounds 3 hours during an 8-hour day. He found she is able to use her hands for simple grasping, pushing and pulling of arm controls and fine manipulation. Dr. Corbett found the claimant can bend and reach for 8 hours during an 8-hour workday and squat and climb for one hour during an 8-hour workday. Additionally, Dr. Corbett found the claimant has no restrictions on being around moving machinery; exposure to marked changes in temperature and humidity; driving and exposure to dust, fumes and gases. He further found the claimant can work 8 hours per day, 40 hours per week on a sustained basis within the above limitations, without missing more than 2 days of work per month . . . .

The Administrative Law Judge recognizes that the Disability Specialist found the claimant is capable of performing light work activity but after carefully considering the entire record, he gives the claimant the full benefit of the doubt and finds that she can perform at least sedentary work activity which involves lifting and/or carrying no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.

> The undersigned further notes that the claimant's clinical examination findings have often been found to be normal or minimally abnormal, and the objective diagnostic evidence of record has been sparse. As stated above, the most recent MRI revealed only mild degenerative changes.
>
> It is noteworthy that documentation of record does not contain any hospitalizations for the claimant for physical conditions since her alleged onset of disability. The Administrative Law Judge notes that the claimant was discharged from physical therapy because of noncompliance. He further notes that Dr. Corbett recommended an anti-inflammatory program as well as a mild pain management program.
>
> Nothing in the record suggests that the claimant's physical impairments have been incapable of being alleviated or controlled with the proper and regular use of prescription medications. The record contains no evidence of the claimant's ongoing difficulties with side effects of medication.
>
> All of the above factors lead the undersigned to a conclusion that the claimant's alleged physical symptoms and conditions are not of a disabling degree. After considering the entirety of the record, the undersigned concludes that the claimant would not be precluded from performing, on a regular and sustained basis, the physical requirements of sedentary work.

(Tr. 19-20) This discussion of plaintiff's impairments by the ALJ can be read in no other way but to establish that the ALJ recognized that though Pickett's left knee problems and hypertension are severe impairments they do not prevent her from performing sedentary work activity. Simply put, this Court is not in the same position as it was in *Kyles* of being uncertain about what impairments are severe and what impairments are non-severe inasmuch as the ALJ, in this

case, by implication, found plaintiff's left knee problems and hypertension to be severe impairments. The Court concludes that this finding is supported by substantial evidence in the record. (*Compare* Tr. 111-242, 251, 261-269 & 295-302 *with* 20 C.F.R. §§ 404.1521(a) & 416.921(a) (2007) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."))[1] Accordingly, the ALJ made no error in this regard.

    **B.**     <u>**Sedentary Work Activity.**</u> It is clear in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given her age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted) "There

---

[1] While it is less clear whether the ALJ considered plaintiff's back impairment to be a severe impairment, he did note that plaintiff's most recent MRI revealed only mild degenerative changes. (*Compare* Tr. 20 ("[T]he most recent MRI revealed only mild degenerative changes.") *with* Tr. 18 ("An MRI on June 20, 2006 revealed mild left disc spur complex C6-C7, mild right bulging C3-C4 and mild degenerative disc disease with no herniated nucleus pulposus or spinal stenosis.")) Any failure on the ALJ's part to give any more specific indication whether plaintiff's back problems constitute a severe impairment is simply not reversible error because the evidence of record related to those problems is not inconsistent with the ALJ's ultimate conclusion that Pickett retains the residual functional capacity to perform the physical exertional and non-exertional requirements of sedentary work. (*See* Tr. 243-254)

are two avenues by which the ALJ may determine whether the claimant has the ability to adjust to other work in the national economy. The first is by applying the Medical Vocational Guidelines." *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); *see also Jones v. Apfel*, 190 F.3d 1224, 1228-1229 (11th Cir. 1999) ("In a disability determination, once a claimant proves that she can no longer perform her past relevant work, the burden shifts to the Commissioner 'to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. . . . Often, the Commissioner meets this burden by relying on the grids."), *cert. denied*, 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000).

Plaintiff contends that the ALJ's use of the grids to carry the Commissioner's fifth-step burden was error given Dr. George Corbett's limitation that she can lift and carry up to ten pounds only five hours out of an 8-hour workday. (*Compare* Tr. 251 (Corbett's PCE) *with* Tr. 20 (ALJ gives determinative weight to Corbett's PCE))[2]

The Commissioner's regulations define sedentary work as work which "involves lifting no more than 10 pounds at a time and occasionally lifting or

---

[2]   Dr. Corbett's PCE clearly establishes that plaintiff, in addition to being able to lift and carry up to 10 pounds for five hours out of an 8-hour workday, can lift and carry up to twenty (20) pounds for the remaining three hours out of an 8-hour workday. (Tr. 251)

carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(2) (2007); *see also DiLauro v. Apfel*, 1998 WL 1470869, *4 (E.D. N.C. 1998) ("Sedentary work generally involves the capacity to sit for at least six hours in an eight-hour workday, to lift a maximum of ten pounds, and to walk or stand for two to three hours in an eight-hour day."), *aff'd*, 188 F.3d 501 (4th Cir. 1999); *Perez v. Shalala*, 890 F.Supp. 218, 224 (S.D. N.Y. 1995) ("Sedentary work involves lifting no more than ten pounds at a time and occasionally (no more than one-third of the workday) lifting or carrying light objects."), *aff'd,* 77 F.3d 41 (2nd Cir. 1996). In *Prochaska v. Barnhart*, 2005 WL 901202 (W. D. Wis. 2005), *aff'd in part & vacated in part on other grounds*, 454 F.3d 731 (7th Cir. 2006), the court indicated that a claimant's inability to frequently lift and carry objects weighing up to ten pounds does not preclude the performance of the full range of sedentary work. *Id.* at *13 ("Although plaintiff may be correct that her inability frequently to lift and carry objects weighing up to 10 pounds might preclude her from performing the full range of light work, . . . she is incorrect that such a limitation would preclude her from performing sedentary work. . . . It is unreasonable for plaintiff to suggest that Dr. Cragg's failure to indicate that she can frequently carry objects weighing up to 10 pounds means that she is unable occasionally to carry even

light objects such as files or small tools."). In consideration of the decision in *Prochaska*, and permissibly reading Dr. Corbett's PCE as establishing not only that Pickett can lift and carry up to ten pounds for five hours out of an 8-hour workday but also that she can lift and carry up to twenty (20) pounds the remaining three hours in an 8-hour workday, the undersigned recommends that the Court find that the ALJ did not err in determining that plaintiff can perform the full range of sedentary work.[3] The use of the grids in this case was appropriate to carry the defendant's burden of establishing that Pickett has the ability to adjust to other work in the national economy. Accordingly, the ALJ's fifth-step denial of benefits is due to be affirmed.

## **CONCLUSION**

---

[3]   During oral argument, plaintiff's counsel indicated that Dr. Robert Zarzour's September 27, 2006 letter reference that plaintiff would have "bending . . . restrictions . . . [which] would preclude her working 8 hours a day as a cook[,]" (Tr. 243-244) establishes that she would be unable to perform the bending requirements of the full range of sedentary work. The undersigned disagrees. Based upon the minimal objective findings regarding plaintiff's cervical and lumbar spines found by Dr. Zarzour, the remaining medical evidence of record, and that fact that Dr. Zarzour only indicated that the bending restrictions would preclude plaintiff's performance of her past work as a cook, the undersigned concludes that nothing in the record contradicts the ALJ's implicit finding that Pickett can perform the occasional bending required for the full range of sedentary work. *Frustaglia v. Secretary of Health & Human Services*, 829 F.2d 192, 195 (1st Cir. 1987) ("The ALJ found that the claimant could not do *repeated* bending, i.e., recurring again and again, which by definition is a more strenuous mode than occasional activity. It is fairly obvious that such a restriction would have very little effect on the ability to perform the full range of work at either the light or sedentary level."); *see Russell v. Sullivan*, 950 F.2d 542, 544-546 (8th Cir. 1991) (affirming the ALJ's determination that plaintiff could perform the full range of sedentary work, though the evidence indicated that plaintiff had limited ability to bend, lift and stoop).

The Magistrate Judge recommends that the decision of the Commissioner of Social Security denying plaintiff benefits be affirmed.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 25th day of January, 2008.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

  s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE